**Ruby LONG and Jane Hanneken, Appellants,**

v.

**BOARD OF EDUCATION OF the CITY OF ST. LOUIS et al., Appellees.**

**No. 71–1408.**

United States Court of Appeals, Eighth Circuit.

March 13, 1972.

---

* Senior Judge of the Tenth Circuit Court of Appeals, sitting by designation.

Daniel T. Rabbitt, Jr., Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for appellants.

Russell N. MacLeod, Leo Lyng, Lyng & MacLeod, St. Louis, Mo., for appellees.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Ruby Long and Jane Hanneken, teachers and employees of the Board of Education of St. Louis, Missouri, instituted this civil rights action in the United States District Court for the Eastern District of Missouri, alleging they were refused reemployment as teachers for constitutionally impermissible reasons. The district court correctly noted jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. § 1983, and after a trial to the court held for the defendants. Long v. Board of Education, 331 F.Supp. 193 (E.D.Mo.1971). Plaintiffs then took this appeal.

Jane Hanneken was not rehired after she wrote a letter on Board of Education stationery to her representative in the state legislature criticizing the State Department of Education for failing to allot funds for a summer program to the special school district in which she worked and requesting her representative's assistance in obtaining those funds. She signed this letter in her capacity as "Supervisor of Physical Education and/or Motor-Perceptual Skills." Judge Regan found that in so doing, she attempted to speak for the Board of Education without authorization. Later, Ruby Long, Mrs. Hanneken's supervisor, refused to sign an evaluation showing Mrs. Hanneken to be unsatisfactory in her performance, and Mrs. Long was not reappointed for the following year because of insubordination relating to this incident and for other specified reasons.

Judge Regan, in his Memorandum Opinion, discussed the pertinent facts, and found that the refusal to grant plaintiffs' reappointment was not based upon constitutionally impermissible grounds, in violation of their first amendment right of free speech, but rather that the refusal was based on the exercise of good faith discretion by the superintendent on the recommendation of Mrs. Long's immediate supervisor. Based upon our consideration of the entire record, which includes evidence of other instances of insubordination, we cannot say that we are left with the definite and firm conviction that Judge Regan was mistaken in his findings. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Quinn v. United States, 439 F.2d 335, 340 (8th Cir. 1971).

The trial court's determination that Mrs. Hanneken attempted to speak for the Board of Education without its authorization distinguishes this case from Pickering v. Board of Education, 391 U. S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Pickering, who was also a

teacher, wrote a letter to the editor of the local newspaper criticizing the school board's allocation of school funds. He specifically stated that he was signing the letter as a "citizen, taxpayer and voter, not as a teacher," and there was no evidence he signed in any other capacity. Here, however, the letter written by Mrs. Hanneken could have created the impression that the St. Louis Board of Education was critical of the allocation of funds by the State Department of Education. Judge Regan determined from the evidence that it was not merely a personal expression of the views of Mrs. Hanneken but that the letter was written to facilitate the procurement of funds for a project to be conducted by her employer. She clearly exceeded her authority in seeking the intervention of a state representative to achieve this purpose without even discussing it with any of her supervisors prior to mailing the letter.

"The problem . . . is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* at 568, 88 S.Ct. at 1734; Pred v. Board of Public Instruction, 415 F.2d 851, 857 (5th Cir. 1969). Since Mrs. Hanneken failed to make it clear that she was not acting on behalf of the Board, and because she exceeded her authority as a teacher, the balance in this case is clearly struck in favor of efficient administration of the school district.

Mrs. Long's claim that her contract was not renewed for constitutionally impermissible reasons is based upon Mrs. Hanneken's letter and Mrs. Long's subsequent refusal to give Mrs. Hanneken an unsatisfactory rating. Since we have held that the letter was not a protected first amendment expression, Mrs. Long's claim must also be denied.

The judgment entered by the trial court for the defendants is affirmed on the basis of Judge Regan's opinion.